```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

TIM LUCAS and MICHAEL MARTIN,   §
on Behalf of Themselves and     §
All Others Similarly Situated,  §
                                §
                   Plaintiffs,  §
                                § Civil Action No. 3:09-CV-2159-D
VS.                             §
                                §
BMS ENTERPRISES, INC., et al.,  §
                                §
                   Defendants.  §
```

## MEMORANDUM OPINION AND ORDER

The January 25, 2010 motion of defendant BMS Enterprises, Inc. ("BMS") to dismiss plaintiffs' amended complaint is denied.[1]

In this putative collective action under the Fair Labor Standards Act ("FLSA") against BMS and 15 other entities,[2] BMS maintains that it is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) on the ground that plaintiffs have not adequately alleged

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] The other defendants are BMS Management Co., Inc., Blackmon Mooring of Austin, Inc., Blackmon Mooring of Houston, Inc., Blackmon Mooring of Midland/Odessa, Inc., Blackmon Mooring of Amarillo, Inc., Blackmon Mooring of San Antonio, Inc., Blackmon Mooring USA, L.L.C., Blackmon Mooring Co., Blackmon Mooring of Lubbock, Inc., Steamatic of Amarillo, Inc., Steamatic of Austin, Inc., Steamatic Cleaning Services, Inc., Blackmon Mooring Steamatic of San Antonio, Inc., Blackmon Mooring Steamatic of Midland/Odessa, Inc., and Blackmon Mooring Steamatic USA, L.L.C.

that BMS was their employer.  Plaintiffs allege that their employer

> consisted of multiple entities, not just those responsible for their paychecks, in that their *Employee Benefit Plan* was administered through *BMS Enterprises, Inc.*, and includes each and every named Defendant.  Also, Plaintiffs allege that BMS Enterprises, Inc., in concert with the other named Defendants, was involved in decisions, policies, procedures, and administration of other binding documents including benefits, ERISA documents, and the like, so as to become the employers of the Plaintiffs.

Am. Compl. ¶ 33 (emphasis in original).  They also aver that one of the key requirements of their employment was "developed and implemented from management companies of one of Plaintiffs' employers and implemented throughout all of the named Defendants and essentially, as one common enterprise."  *Id.* at 2.  And plaintiffs assert that all but two of the companies have the same registered agent at the same address.[3]

Under the FLSA, an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The definition is construed liberally.  *See Reich v. Circle C Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).  The court determines whether, as a matter of economic reality, the company functions as the individual's employer. *See Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir.

---

[3]Plaintiffs plead that BMS Management Company, Inc. has a different registered agent, and they do not plead the name of the registered agent for Blackmon Mooring USA, L.L.C.

1990) (citing *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28 (1961)). "[T]here may be multiple 'employers' who are simultaneously liable for compliance with the FLSA." *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007).

Plaintiffs have adequately alleged that BMS was their employer. They assert that they were "*non-exempt* employees of the Defendants," Am. Compl. ¶ 24 (emphasis in original), and the term "Defendants" includes BMS. BMS contends that plaintiffs' allegation that BMS is an employer is a legal conclusion, not a factual statement, and therefore insufficient.[4] But plaintiffs also plead facts that, assumed to be true, meet the pleading standard. BMS shares the same registered agent as the corporations who wrote plaintiff Tim Lucas' paycheck and that established the pay plan under which he operated. Plaintiffs allege that BMS administers the employee benefit plan of both plaintiffs and that BMS "was involved in decisions, policies, procedures, and administration of other binding documents including benefits, ERISA documents, and the like." *Id.* at ¶ 33.[5] These allegations,

---

[4] BMS cites *Leber v. Berkley Vacation Resorts, Inc.*, 2009 WL 2252517 (D. Nev. July 27, 2009), to argue that plaintiffs' pleading is insufficient. In *Leber*, however, the complaint's "only factual allegations [were] that Defendants all [were] engaged in the sale of timeshare interests and [had] similar compensation practices for their salespersons." *Id.* at *5. Here, plaintiffs plead facts that tie BMS to their employment.

[5] The amended complaint does not make clear which entity plaintiffs allege employed plaintiff Michael Martin ("Martin"). But BMS is the only defendant who is moving to dismiss the amended

assumed to be true, indicate that BMS and plaintiffs' direct employers associated together with respect to plaintiffs' employment. While the evidence may later be held to be insufficient to prove by a preponderance that BMS is plaintiffs' employer, the allegations of the amended complaint are sufficient to withstand dismissal based on Rule 12(b)(6).

\*   \*   \*

BMS's January 25, 2010 motion to dismiss plaintiffs' first amended class action[6] complaint pursuant to Rule 12(b)(6) is denied.

**SO ORDERED.**

April 5, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

complaint, and plaintiffs' allegation that BMS administered Martin's benefits is sufficient to allege that BMS was his joint employer.

[6]The action is actually a *collective* action rather than a *class* action.