IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIM LUCAS and MICHAEL MARTIN, on Behalf of Themselves and All Others Similarly Situated, | § | |
| Plaintiffs, | § | Civil Action No. 3:09-CV-2159-D |
| VS. | § | |
| BMS ENTERPRISES, INC., et al., | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants Blackmon Mooring of Austin, Inc., Blackmon Mooring of Houston, Inc., Blackmon Mooring of Midland-Odessa, Inc., Blackmon Mooring of Amarillo, Inc., Blackmon Mooring of San Antonio, Inc., Blackmon Mooring USA, LLC, and Blackmon Mooring of Lubbock, Inc. (collectively, the "Blackmon Mooring defendants") move under Fed. Rule Civ. P. 12(b)(6) to dismiss plaintiffs' first amended class action complaint ("first amended complaint"). The court grants the motion based on plaintiffs' lack of standing, but it also allows plaintiffs to file another amended complaint.

I

Plaintiffs Tim Lucas ("Lucas") and Michael Martin ("Martin"), on their behalf and on behalf of those similarly situated, bring this nationwide putative collective action under 29 U.S.C. § 216(b), a provision of the Fair Labor Standards Act ("FLSA"), to recover unpaid wages, including overtime. They sue BMS Enterprises, Inc. ("BMS"), the Blackmon Mooring defendants, and

eight other allegedly related (and apparently separately incorporated) entities,[1] alleging that the entities maintained a performance policy that forced plaintiffs not to report time that they were in uniform and on call on behalf of their employer.

In a memorandum opinion and order filed April 5, 2010, the court denied BMS's motion to dismiss for failure to state a claim. BMS argued that plaintiffs had failed to allege facts that showed that BMS was plaintiffs' employer, as defined by the FLSA. The court denied the motion because plaintiffs had alleged that their employer "'consisted of multiple entities . . . in that their *Employee Benefit Plan* was administered through *BMS Enterprises, Inc.*,'" that "'BMS Enterprises, Inc. . . . was involved in decisions, policies, procedures, and administration of other binding documents, including benefits, ERISA documents, and the like, so as to become the employers of the Plaintiffs,'" and that "one of the key requirements of their employment was 'developed and implemented from management companies of one of Plaintiffs' employers and implemented throughout all of the named Defendants and essentially, as one common enterprise.'" *Lucas v. BMS Enters., Inc.*, 2010 WL 1371977, at *1 (N.D. Tex. Apr. 5, 2010) (Fitzwater, C.J.) (quoting Am. Compl. ¶ 33 & p. 2) (emphasis in original).

---

[1]The other defendants are: BMS Management Co., Inc.; Blackmon Mooring Co.; Steamatic of Amarillo, Inc.; Steamatic of Austin, Inc.; Steamatic Cleaning Services, Inc.; Blackmon Mooring Steamatic of San Antonio, Inc.; Blackmon Mooring Steamatic of Midland/Odessa, Inc.; and Blackmon Mooring Steamatic USA, L.L.C.

The Blackmon Mooring defendants move pursuant to Rule 12(b)(6) to dismiss, contending that plaintiffs have failed to plead, other than in conclusory fashion, facts adequate to establish a plausible claim that the Blackmon Mooring defendants are plaintiffs' employer for purposes of the FLSA. Plaintiffs respond that "they or the putative class were employees of Defendants[,] that they performed activities on behalf of Defendants[,] . . . [and] were subject to a common scheme meant to deprive them from overtime pay and on call hours[.]" Ps. Br. 4.

II

Although the parties focus on the Blackmon Mooring defendants' employer status, the dispositive issue is whether plaintiffs have standing to sue the Blackmon Mooring defendants. The court will therefore consider the matter on its own initiative.[2]

A

To satisfy the case-or-controversy requirement of Article III of the Constitution, plaintiffs must show that they have "suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Moreover, "the injury must affect the

---

[2]The court can raise the issue of standing *sua sponte*. *See, e.g., Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551, 558 (N.D. Tex. 2007) (Lindsay, J.).

plaintiff[s] in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1.[3]

The requirement of standing is not lessened for an individual plaintiff where that plaintiff files a class action complaint.[4] *See, e.g.*, *Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. Unit A July 1981) ("Inclusion of class action allegations in a complaint does not relieve a plaintiff of himself meeting the requirements for constitutional standing, even if the persons described in the class definition would have standing themselves to sue. If the plaintiff has no standing individually, no case or controversy arises.") (Rehabilitation Act case, 29 U.S.C. §§ 793-794).[5] The standing

---

[3]As the parties seeking to invoke federal jurisdiction, plaintiffs bear the burden of proving their standing. *Lujan*, 504 U.S. at 561. Because the instant motion is a motion to dismiss, filed without supporting evidence, the court must consider its jurisdiction based on the first amended complaint alone, not on facts supporting it, and must presume that allegations made in the complaint are true. *See Garcia v. Boyar & Miller, P.C.,* 2007 WL 2428572, at *2 (N.D. Tex. Aug. 28, 2007) (Fitzwater, J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). Further, the court cannot dismiss the complaint if the allegations are sufficient to allege jurisdiction." *See id.* General factual allegations of injury resulting from defendants' conduct suffice to establish standing at the pleading stage because the court presumes that allegations embrace facts supporting those allegations. *See, e.g., Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Housing & Cmty. Affairs*, 2008 WL 5191935, at *3 (N.D. Tex. Dec. 11, 2008) (Fitzwater, C.J.) (quoting *Bennett*, 520 U.S. at 168).

[4]The court recognizes that this lawsuit involves a *collective* action, not a *class* action. For purposes of the standing issue that the court addresses today, this distinction is immaterial. *See infra* § III(A).

[5]*See also Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1339 n.6 (11th Cir. 2000) ("The fact that this suit was

issue must be resolved *before* a class is certified. *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) ("'standing is an inherent prerequisite to the class certification inquiry.'") (quoting *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir. 2001) (alteration omitted)). Plaintiffs cannot establish standing by pointing to an injury that a defendant caused to a putative class member. *See Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 248 (5th Cir. 2008) ("Without the prospect of class certification, [plaintiff's] claims against the Class Defendants are nothing more than attempts to assert the injuries of others and therefore must be dismissed for lack of standing."). "Ordinarily, under the general principles of standing, a litigant may not merely

---

brought as a class action does not affect the plaintiffs' burden of showing that they individually satisfy the constitutional requirements of standing.") (Equal Credit Opportunity Act case); *Fallick v. Nationwide Mut. Life Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) ("Threshold individual standing is a prerequisite for all actions, including class actions. A potential class representative must demonstrate individual standing vis-a-vis the defendant; he cannot acquire standing merely by virtue of bringing a class action." (citations omitted) (holding that plaintiff had standing to sue administrator of ERISA-regulated health plans on behalf of class comprised of all participants in all of administrator's ERISA plans, where named plaintiff was member of only one of administrator's plans)); *In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 169 (D. Mass. 2004) (holding named class action plaintiffs failed to establish standing as to two defendants from whom they did not personally purchase shares); *Gabrielsen v. BancTexas Group, Inc.*, 675 F. Supp. 367, 371 n.3 (N.D. Tex. 1987) (Fitzwater, J.) ("Inclusion of class action allegations in a complaint does not relieve the plaintiff of himself meeting the requirements for constitutional standing, even if the persons described in the class definition would have standing themselves to sue. If the plaintiff has no standing individually, no case or controversy arises.") (Securities Exchange Act of 1934 claim).

champion the rights of another. Instead, a plaintiff must establish that he has a personal stake in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Id.* (citations and internal quotation marks omitted). To demonstrate that they have standing, named plaintiffs in a class action suit must meet every element of standing as to each defendant, including alleging that they were injured by each defendant named in the suit. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 570 F.Supp.2d 851, 856 (E.D. La. 2008) ("[T]he [complaint] is deficient because it fails to include allegations that any particular plaintiff lived in any particular [manufactured] housing unit or was harmed by a specific manufacturer of any [manufactured] housing unit."); *see also Daugherty v. I-Flow, Inc.*, 2010 WL 2034835, at *3 (N.D. Tex. Apr. 29, 2010) (Solis, J.) ("[Plaintiff] has not pled facts sufficient to establish that he has Article III standing to pursue a direct claim against any of the defendants for his own personal injury. Therefore, his direct claim(s) must be dismissed. Since [plaintiff] has not adequately pled a direct claim, his attempt to bring a class action necessarily fails as well.").[6]

The standing requirement is no different in a collective

[6]Plaintiffs must point to an injury caused by each defendant corporation; mere corporate relationship between a defendant and another corporation responsible for an injury does not establish standing. *See In re Reliant Energy ERISA Litig.*, 336 F.Supp.2d 646, 654 (S.D. Tex. 2004) (holding that plaintiff did not have standing to bring class action complaint against his employer's subsidiary).

action suit. The principal difference between a class action and an FLSA collective action is that class actions primarily involve opt-out classes and FLSA collective actions are limited to opt-in classes. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008). In a *class* action, all members of the certified class are bound by the judgment unless they affirmatively opt out. *Id.* But in a *collective* action, a plaintiff only becomes a member of the class if he fits the criteria of the class and affirmatively opts in. *Id.* While "the FLSA allows an employee to bring a claim on behalf of other similarly-situated employees, . . . other employees do not become plaintiffs in the action unless and until they consent in writing." *Id.* at 915. Limiting the class only to those who have opted in "limit[s] private FLSA plaintiffs to employees who assert[] claims in their own right[,] freeing employers of the burden of representative actions." *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 173 (1989).

The court therefore holds that a named plaintiff in a collective action has adequately pleaded standing against a particular defendant only if the plaintiff has alleged an injury that the defendant caused to him.

B

To decide whether plaintiffs have adequately pleaded standing to sue the Blackmon Mooring defendants, it is best to consult plaintiffs' response brief to determine the meaning of their first

amended complaint. Plaintiffs characterize their first amended complaint as "essentially alleg[ing] that a group of related companies . . . are liable for FLSA wage and hour violations and [the] allegations against all Defendants are combined in a manner to necessarily assert that Defendants are the employers *of the class of Plaintiffs*." Ps. Br. 4 (emphasis added) (citing Am. Compl. p. 2). They point to their allegation "that they *or the putative class* were employees of Defendants and that they performed activities on behalf of Defendants." *Id.* (emphasis added) (citing Am. Compl. p. 2). Plaintiffs then cite their allegation "that Defendants were an enterprise covered by the FLSA," *id.* (citing Am. Compl. p. 7), and they point to the first amended complaint's description of "the manner in which the similarly situated Plaintiffs were subject to a common scheme meant to deprive them from overtime pay and on call hours not properly paid in violation of the FLSA." *Id.* (citing Am. Compl. p. 7). Plaintiffs assert that the Blackmon Mooring defendants should present their challenge at the class certification stage rather than through a Rule 12(b)(6) motion, and that "[t]he real question, which is not before the Court at this time, is whether or not the putative class is similarly situated." Ps. Br. 5. Whether class members are similarly situated, as plaintiffs recognize, could be affected by the fact that they had different employers. *See id.* (arguing that plaintiffs have sufficiently alleged that putative class members

"*across all of the Defendant entities* were similarly classified, under the same policies, procedures, job requirements, and payment systems and not paid properly under FLSA standards." (emphasis added)).[7] In sum, plaintiffs allege standing to sue the Blackmon Mooring defendants on the basis that members of the putative class were employed by those defendants, and accordingly suffered the same injury as did plaintiffs. That basis is inadequate to allege

---

[7]In a related argument, plaintiffs maintain "that it would be premature to dismiss Plaintiffs['] claims against Defendants at this juncture and the real question is whether there is similarity in the putative class as [c]omplained." Ps. Resp. 6. They cite this court's decision in *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842 (N.D. Tex. Oct. 7, 2004) (Fitzwater, J.), to argue that the court should wait until the litigation progresses to resolve whether plaintiffs have joint employers and to address questions of certification as to joint employers.

In *Aguilar* the court considered whether employees of different employers could be considered similarly situated for purposes of class certification. *Id.* at *3. The defendants argued that the plaintiffs were required to decide from which of the three corporate employers they were seeking to draw the class, because they had not demonstrated that employees from different employers could be similarly situated. *Id.* The court disagreed with the defendants. *Id.* It noted that, under the FLSA, there can be more than one employer of an employee, including joint employers, and that there was precedent in this district for conditionally certifying an FLSA class that consisted of employees of related employers. *Id.* The court held that it could determine at a later time whether the defendants were joint employers. *Id.* But the court did not suggest that the two named plaintiffs in *Aguilar* could maintain on behalf of a class of potential opt-in plaintiffs an FLSA claim against a defendant whom neither named plaintiff could show was *his employer*. In other words, the three entities and person whom the *Aguilar* plaintiffs sued were alleged to be those plaintiffs' employer as well. *Aguilar* does not suggest that plaintiffs may state an FLSA claim against corporate entities whom the plaintiffs can merely show will be *some class member's* employer, but not *their* employer.

standing.[8]

III

Plaintiffs request that, if the court grants the Blackmon Mooring defendants' motion to dismiss, it also allow plaintiffs to amend their complaint. The court grants the motion. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal).

---

[8]In their response brief, plaintiffs point to another possible basis for standing, arguing that the Blackmon Mooring defendants along with the other named defendants constitute an enterprise. This is also insufficient. Although the Blackmon Mooring defendants may be a part of a common enterprise with plaintiffs' employer or employers, FLSA *liability* is predicated only on an employee-employer relationship, not on defendants' involvement in a common enterprise. *See Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) ("[T]he enterprise analysis is different from the analysis of who is liable under the FLSA . . . . Liability is based on the existence of an employer-employee relationship."). The FLSA enterprise concept is only applicable to determine whether the defendant is large enough to be subject to the FLSA. *Id.* Mere corporate relationship is also insufficient to give standing to sue under the FLSA. *See Pineiro Diaz v. Adchem Pharma Operations*, 2005 WL 2397489, at *10 (D. P.R. Sept. 28, 2005) (imposing Rule 11 sanction where plaintiff had filed FLSA collective action complaint against other subsidiaries of plaintiff's employer's corporate parent). The FLSA concept of "enterprise" does not abrogate the need for the plaintiff to show that he suffered injury at the hands of each individual defendant, even if the defendants are related corporations.

* * *

Because plaintiffs have failed to allege facts that establish that they have standing to sue the Blackmon Mooring defendants, i.e., that they were injured by the conduct of each defendant, they have failed to state a claim on which relief may be granted. The court therefore grants the Blackmon Mooring defendants' March 29, 2010 motion to dismiss. It also grants plaintiffs leave to file an amended complaint, if they can cure this pleading deficiency, within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

July 1, 2010.

SIDNEY A. FITZWATER
CHIEF JUDGE